827 P.2d 697

**Wayne A. FOX, Appellant–Respondent on appeal,**

v.

**BOARD OF COUNTY COMMISSIONERS, BOUNDARY COUNTY, State of Idaho and Richard Blake, Respondents–Appellants on appeal.**

**No. 19444.**

Supreme Court of Idaho.

March 17, 1992.

Randall W. Day, Bonners Ferry, for respondents-appellants.

Wayne A. Fox, pro se.

BISTLINE, Justice.

This case is before the Court by a grant of the Petition for Review filed by Wayne A. Fox ("Fox"), a *pro se* respondent, after successfully defending in the Court of Appeals a district court judgment invalidating the Boundary County Board of Commissioners' ("the Board") renewal of the beer and liquor licenses held by the Top Idaho Bar and the Last Chance Saloon.

In 1985, Fox appeared before the Board to oppose the renewal of the beer and liquor licenses. The licenses were renewed and Fox challenged the decision. The district court dismissed the challenge as untimely. The Court of Appeals affirmed this ruling. *Fox v. Board of County Commr., Boundary County,* 114 Idaho 940, 763 P.2d 313 (Ct.App.1988) (*Fox I*).

While that appeal was pending, Fox petitioned the Board for a suspension of the licenses. He then obtained a writ of mandate compelling the Board to act on his petition. Hearings were held in December

---

of 1986, by a hearing officer. The Board, on March 25, 1987, before the hearing officer had issued written findings, issued a decision concluding Fox's petition was moot as to the Last Chance Saloon's license because it had burned down in January of 1987. As to the Top Idaho Bar license, the Board found that Boundary County did not have zoning authority over the bar because it was located in the municipality of Moyie Springs. Fox appealed this decision to the district court under the provisions of I.C. § 31-1509.

The district court of the First Judicial District, the Honorable James R. Michaud presiding, sustained Fox's challenge to the Board's decision and voided the licenses held by the Top Idaho Bar and the Last Chance Saloon. The district court held that the "shoestring" annexation of the businesses by Moyie Springs (the Top Idaho Bar being twenty-five miles from the city connected only by a one dimensional line) was void. Since the Top Idaho Bar was not within the boundaries of a municipality, it was a nonconforming use within a Boundary County agricultural zone.

The Board appealed the decision challenging among other things the award of attorney fees to Fox. The district court justified the award of attorney fees on three separate grounds. First, the court ruled that because the action taken by the county was without a reasonable basis in law or fact, Fox was entitled to fees under I.C. § 12-117. Second, the court found that the county defended the action frivolously and without foundation, thereby entitling Fox to fees under I.C. § 12-121. Finally, the court held that an award of fees was justified under the Private Attorney General Doctrine.

The Court of Appeals affirmed the district court's judgment in favor of Fox including the award of attorney fees pursuant to the Private Attorney General Doctrine and I.C. § 12-117, but held that attorney fees could not be recovered in this case under I.C. § 12-121.

Fox then petitioned this Court for further review solely in search of a ruling that

I.C. § 12-121 was a third ground supporting his entitlement to attorney fees.

## STANDARD OF REVIEW

In those instances wherein attorney fees can properly be awarded, the award rests in the sound discretion of the trial court and the burden is on the person disputing the award to show an abuse of discretion. *Hellar v. Cenarrusa*, 106 Idaho 571, 682 P.2d 524 (1984), citing *Anderson v. Ethington*, 103 Idaho 658, 651 P.2d 923 (1982).

## THE AWARD OF ATTORNEY FEES UNDER THE PRIVATE ATTORNEY GENERAL DOCTRINE IS AFFIRMED

We affirm the award of attorney fees under the Private Attorney General Doctrine and adopt the reasoning of the Court of Appeals:

> In evaluating a claim for attorney fees under [the Private Attorney General Doctrine, we] recently suggested in *Hellar v. Cenarrusa*, 106 Idaho 571, 682 P.2d 524 (1984)[1], that the district court must consider (1) the strength and societal importance of the public policy indicated by the litigation, (2) the necessity for private enforcement and the magnitude of the resultant burden on the plaintiff, and (3) the number of people standing to benefit from the decision. Here, the record supports the district court's determination that all three of these criteria were met. In Fox's words, this action was pursued to ensure that Boundary County was governed by rule of law, not of man. Without Fox's efforts it was highly unlikely that the actions of the Boundary County Board of Commissioners would have been challenged. It is equally clear that this action imposed a substantial personal burden, both financial and emotional, on Mr. Fox. As a result of this litigation, all of the citizens of Boundary County benefitted from Fox's perseverance.

We conclude that the district court committed no error in deciding to award

---

1. *See also Taggart v. Highway Bd.*, 115 Idaho 816, 818, 771 P.2d 37, 39 (1988).

attorney fees to Fox under the Private Attorney General theory.

Because we affirm the award of attorney fees to Fox under the Private Attorney General Doctrine, we need not address the district court's award of fees pursuant to I.C. § 12–117 and I.C. § 12–121. The portion of the Court of Appeals opinion which addressed those statutes is vacated. Fox having already been awarded costs incurred on the appeal below by the Court of Appeals, no further costs on review to this Court are allowed.

BAKES, C.J., and JOHNSON, BOYLE and McDEVITT, JJ. concur.