917 P.2d 403

Jane ROE, in her capacity as general guardian and next friend of Cindy Roe, Mary Jones, individually and in her capacity as general guardian and next friend of Katie Jones, Planned Parenthood Association of Idaho, Inc., an Idaho non-profit corporation, Women's Health Care, Inc., Glenn Weyhrich, M.D., Duane St. Clair, M.D., and Downtown Women's Clinic, Plaintiffs–Appellants,

v.

Jerry L. HARRIS, Director, Department of Health and Welfare, and Idaho Department of Health and Welfare, Defendants–Respondents.

No. 21668.

Supreme Court of Idaho,
Boise, February 1996 Term.

May 21, 1996.

Holland & Hart, Boise, ACLU Reproductive Freedom Project, New York, and Planned Parenthood Federation of America, Inc., New York, for appellants. B. Newal Squyres and Louise Melling argued.

Alan G. Lance, Attorney General; Brett T. De Lange, Deputy Attorney General (argued), Boise, for respondents.

JOHNSON, Justice.

This is an attorney fees case in which the party requesting fees invoked both the private attorney general doctrine and I.C. § 12–117 (Supp.1995). We conclude as follows:

1. Between the private attorney general doctrine and I.C. § 12–117, the statute provides the exclusive basis for awarding attorney fees against a state agency.

2. The trial court did not abuse its discretion in determining the prevailing party or in denying discretionary costs.

3. The trial court abused its discretion in denying attorney fees pursuant to I.C. § 12–117 for a partial judgment declaring a conflict between a statute and an administrative rule.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

A group (the group) consisting of two individual Medicaid-eligible women in need of abortions, a nonprofit health organization, two clinics, and two physicians who provide abortions, filed suit against the Idaho Department of Health and Welfare (IDHW) challenging the validity of I.C. § 56–209c

(1994) and IDAPA 16.03.09095 (Rule 9095). Idaho Code § 56–209c, adopted in 1977, provides:

> No funds available to the department of health and welfare, by appropriation or otherwise, shall be used to pay for abortions, unless it is the recommendation of two (2) consulting physicians that an abortion is necessary to save the life or health of the mother, or unless the pregnancy is a result of rape or incest as determined by the courts.

Four years later IDHW adopted Rule 9095.

> [IDHW] will fund abortions only under the circumstances where the abortion is necessary to save the life of the mother. Two (2) licensed physicians must certify in writing that the mother may die if the fetus is carried to term. . . .

In resolving the substantive issues in the case, the trial court made the following decisions:

1. Idaho Code § 56–209c does not violate the state constitution.
2. Rule 9095 violates the state constitution.
3. Rule 9095 conflicts with I.C. § 56–209c.
4. The two-physician certification requirement in I.C. § 56–209c does not violate the state constitution.

Based on the trial court's decision, the group requested that the trial court award it attorney fees for the entire case pursuant to the private attorney general doctrine and to award it attorney fees for the part of the case concerning the conflict between Rule 9095 and I.C. § 56–209c pursuant to I.C. § 12–117. The group also requested an award of discretionary costs. Although the trial court found that the group was the prevailing party under I.R.C.P. 54(d)(1)(B), it rejected the group's claim for attorney fees and costs. The group appealed this decision.

## II.

### THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN DETERMINING THAT THE GROUP WAS THE PREVAILING PARTY.

■ IDHW asserts that the trial court should not have determined that the group was the prevailing party under I.R.C.P. 54(d)(1)(B). We disagree.

Although IDHW did not cross-appeal, we address this issue under the right result but wrong theory doctrine. *See, e.g., Andre v. Morrow,* 106 Idaho 455, 459, 680 P.2d 1355, 1359 (1984). IDHW is merely asserting another basis for upholding the trial court's decision not to award attorney fees and costs. IDHW is not seeking any affirmative relief that would require a cross-appeal. I.A.R. 11(f) (1995).

■ IDHW contends that the group prevailed only on their challenge to Rule 9095, while IDHW succeeded in defending the constitutionality of I.C. § 56–209c and the two-physician certification requirement. Rather than focusing on tallying the issues or the counts in the complaint however, the trial court should evaluate "the result in relation to the relief sought." *Stewart v. Rice,* 120 Idaho 504, 510, 817 P.2d 170, 176 (1991). We note that although the trial court upheld the constitutionality of I.C. § 56–209c, it did so by interpreting the statute in a manner that in large part embodied the group's requested relief. The group challenged the constitutionality of I.C. § 56–209c because it denied funding for abortions, while other "medically necessary" procedures and treatments, including those for childbirth, were funded. The trial court ruled that I.C. § 56–209c is constitutional "[s]o long as [it] is construed with sufficient breadth to equate the terms 'health' and 'life' with the same level of medical necessity as is required generally for other pregnancy related medical services." The group also succeeded in having Rule 9095 declared unconstitutional and in conflict with I.C. § 56–209c. The only relief sought which the group did not achieve was the elimination of the two-physician certification requirement.

The trial court did not abuse its discretion in ruling that the group was the prevailing party. *Stewart v. Rice,* 120 Idaho 504, 510, 817 P.2d 170, 176 (1991) (holding that this Court reviews classification of prevailing party under I.R.C.P. 54(d)(1)(B) for abuse of

discretion). The trial court perceived the issue as one of discretion, it applied the correct legal standard, and it reached its decision by an exercise of reason. *Sun Valley Shopping Ctr. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993 1000 (1991).

## III.

## BETWEEN THE PRIVATE ATTORNEY GENERAL DOCTRINE AND I.C. § 12–117, THE STATUTE PROVIDES THE EXCLUSIVE BASIS FOR AN AWARD OF ATTORNEY FEES AGAINST A STATE AGENCY.

■ IDHW asserts that in the face of I.C. § 12–117, a court may not award attorney fees against it under the private attorney general doctrine. We agree.

The Court has never addressed the issue of the interplay between I.C. § 12–117 and the private attorney general doctrine. In many cases where the Court has discussed the private attorney general doctrine, I.C. § 12–117 did not apply because a state agency was not involved. *E.g., Miller v. Echo-Hawk,* 126 Idaho 47, 878 P.2d 746 (1994) (executive officer); *Owner–Operator Indep. Drivers Ass'n, Inc. v. Idaho Pub. Util. Comm'n.,* 125 Idaho 401, 871 P.2d 818 (1994) (PUC not a state agency as defined by I.C. § 67–5201(1)). Idaho Code § 12–117 was amended in 1994 so that it now applies to "a state agency, *a city, a county or other taxing district.*" I.C. § 12–117(1) (Supp.1995) (emphasis added). Thus, in some cases involving the private attorney general doctrine, I.C. § 12–117 did not apply, although it would now. *E.g., County of Ada v. Red Steer Drive–Ins of Nevada, Inc.,* 101 Idaho 94, 609 P.2d 161 (1980).

In *Fox v. Board of County Comm'rs, Boundary County,* 121 Idaho 684, 827 P.2d 697 (1992), the Court affirmed an attorney fee award under the private attorney general doctrine and declined to address whether I.C. §§ 12–117 or 12–121 applied. We note that the question of exclusivity was not raised in *Fox.* Therefore, *Fox* does not resolve the issue presented here.

*Bott v. Idaho State Bldg. Auth.,* 122 Idaho 471, 835 P.2d 1282 (1992) contains a statement concerning the relationship between I.C. § 12–117 and other bases for awarding attorney fees against a state agency. In *Bott,* the housing authority (the Authority) contended that attorney fees could not be awarded against it under I.C. § 12–120 because I.C. § 12–117 was controlling. The Court commented, "As the Authority correctly points out, if it is a 'state agency' then I.C. § 12–117 will apply and BBH, if the prevailing party below, would be entitled to attorney fees only if the Authority defended BBH's suit without a reasonable basis in fact or law." *Id.* at 479, 835 P.2d at 1290 (footnote omitted). The Court concluded, however, that there was no indication of legislative intent to "transform the Authority into an 'agency' and hence limit liability for attorney fees to that imposed under I.C. § 12–117(1)." *Id.* at 480, 835 P.2d at 1291. Because the Court decided that I.C. § 12–117 did not apply, and therefore upheld the award under I.C. § 12–120, its earlier statement concerning the exclusive application of I.C. § 12–117 is dicta.

In *Hellar v. Cenarrusa,* 106 Idaho 571, 682 P.2d 524, 531 (1984), the Court linked the authority to award attorney fees pursuant to the private attorney general doctrine to I.C. § 12–121. We must compare this formulation of the private attorney general doctrine to I.C. § 12–117, a statute specifically addressing attorney fees against state agencies adopted three months after *Hellar* was released. We note that there does not appear to be any connection between the issuance of *Hellar* and the enactment of I.C. § 12–117 because *Hellar* involved an executive officer who would not even fall within the scope of I.C. § 12–117.

■ In *Mickelsen v. City of Rexburg,* 101 Idaho 305, 307, 612 P.2d 542, 544 (1980), the Court ruled that in cases of conflicts, a later or more specific statute controls over an earlier or more general statute. Therefore, we must first address whether there is a conflict between I.C. § 12–117 and the private attorney general doctrine, which draws its viability from I.C. § 12–121. If the question were simply a conflict between I.C. §§ 12–121 and –117, the latter would prevail.

*See Tomich v. City of Pocatello,* 127 Idaho 394, 400, 901 P.2d 501, 507 (1995) (applying the tort claims act attorney fee standard of I.C. § 6–918A over I.C. § 12–121). Comparing the private attorney general doctrine with I.C. § 12–117, the private attorney general doctrine considers the value of the prevailing party's contribution, while I.C. § 12–117 considers the character of the losing party's case. This difference evidences a legislative intent to make the standard of I.C. § 12–117 the basis for an attorney fee award against a state agency, rather than the tests encompassed under the private attorney general doctrine. This legislative intent causes us to rule that the private attorney general doctrine is not available as the basis for an award of attorney fees in a case against a state agency.

## IV.

### THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING ATTORNEY FEES PURSUANT TO I.C. § 12–117 FOR LITIGATING THE CONFLICT BETWEEN I.C. § 56–209c AND RULE 9095.

■ The group asserts that the trial court abused its discretion by denying attorney fees pursuant to I.C. § 12–117 for the portion of the case concerning the conflict between I.C. § 56–209c and Rule 9095. We agree.

In refusing to award the group attorney fees under I.C. § 12–117 for this portion of the case, the trial court stated:

This action was not defended frivolously or without reasonable basis. The state constitutional issues and *the conflict between the state statute and federal funding requirements had not been litigated before.* Although decisions from other jurisdictions may appear to point the way, authority exists to support a variety of theories. There was both a legal and a factual basis for debate on the issues, and the state was entitled to defend its position. I conclude therefore, that the state is not obligated for attorney fees under Idaho Code § 12–117 or § 12–121.

(Emphasis added).

■ We examine the trial court's decision to determine if the trial court abused its

discretion in concluding that IDHW had a reasonable basis to issue a rule that conflicted with a state statute. *Musser v. Higginson,* 125 Idaho 392, 397, 871 P.2d 809, 814 (1994) (stating that the Court will review decision whether to award attorney fees under I.C. § 12–117 for abuse of discretion). In addressing this question we again employ the three-step analysis required by *Sun Valley Shopping Center.*

The trial court's decision indicates that it perceived that it had discretion in resolving the issue of an award of attorney fees under I.C. § 12–117. The decision also applied the correct legal standard. Concerning the third step in the analysis required by *Sun Valley Shopping Center,* we are unable to conclude that the trial court arrived at its decision to deny attorney fees by an exercise of reason.

IDHW defended the conflict between I.C. § 56–209c and Rule 9095 by arguing that the rule was necessary to comply with the Hyde Amendment, P.L. 94–439, § 209, 90 Stat. .1434 (1976), which at the time stated: "None of the funds contained in this Act shall be used to perform abortions except where the life of the mother would be endangered if the fetus were carried to term." The pertinent portion of I.C. § 56–209c provides: "No funds available to [IDHW] … shall be used to pay for abortions, unless … necessary to save the life or health of the mother or unless the pregnancy is a result of rape or incest…." The relevant portion of Rule 9095 provides: "[IDHW] will fund abortions only under the circumstances where the abortion is necessary to save the life of the mother." Although Rule 9095 limits the funding of abortions to the same circumstances as the Hyde Amendment, this similarity does not override the conflict between I.C. § 56–209c and Rule 9095. The fact that the Hyde Amendment restricts the use of federal funds for abortions more severely than I.C. § 56–209c restricts the use of all funds available to IDHW, including state funds, does not provide a reasonable basis for Rule 9095's restrictions on the funding of abortions.

■ Our decision on this issue does not conflict with *Magic Valley Radiology As-*

socs., P.A. v. Professional Business Servs., 119 Idaho 558, 563, 808 P.2d 1303, 1308 (1991) (holding it inappropriate under I.R.C.P. 54(e)(1) to segregate claims and defenses in determining whether case was pursued or defended frivolously or unreasonably). Idaho Code § 12–117(2) (Supp.1995) provides a different rule:

> If the person is awarded *a partial judgment* and the court finds the state agency, the city, the county or the taxing district acted without a reasonable basis in fact or law, the court shall allow the person attorney's fees, witness fees and expenses in an *amount which reflects the person's partial recovery.*

I.C. § 12–117(2) (emphasis added).

## V.

## THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY DENYING AN AWARD OF DISCRETIONARY COSTS.

■ The group asserts that the trial court abused its discretion by denying it an award of discretionary costs. We disagree.

The trial court denied the group discretionary costs that they requested under I.R.C.P. 54(d)(1)(D). It characterized the group's photocopying, long distance telephone calls, faxes, and courier expenses as overhead, or as costs "incurred largely because of the appearance of out-of-state counsel," ultimately concluding that there was no showing that the expenses were "otherwise exceptional or necessary to the litigation." The question we must address once again, is whether the trial court abused its discretion in denying the costs. *Sun Valley Shopping Ctr.*, 119 Idaho at 90, 803 P.2d at 996 (upholding award of discretionary costs because no abuse of discretion).

The trial court recognized that the issue was one of discretion, it applied the correct legal standard, it reached its decision by an exercise of reason, and although it did not evaluate the costs item by item, it did make express findings as required by I.R.C.P. 54(d)(1)(D) with regard to the general character of the requested costs.

## VI.

## CONCLUSION

We affirm all of the trial court's rulings concerning attorney fees and costs, except the denial of attorney fees for the groups's litigation of the conflict between I.C. § 56–209c and Rule 9095, which we reverse.

We remand the case to the trial court for a determination of the reasonable fees to be awarded to the group, including fees related to this issue on appeal.

Because of the mixed result, we award no costs or attorney fees on appeal.

McDEVITT, C.J., and TROUT and SILAK, JJ., concur.

SCHROEDER, J., concurs, except as to part IV.

SCHROEDER, Justice, dissenting to part IV.

I dissent from Part IV of the Court's decision in which it determines that the trial court abused its discretion by denying attorney fees pursuant to Idaho Code Section 12–117 for litigating the conflict between Idaho Code Section 56–209c and rule 9095. The trial court articulated the basis for the denial. The trial court had the benefit of the briefs and the arguments made before it. It did not abuse its discretion in denying the attorney fees requested.

It would seem on the record before this Court that a simple reading of the statute and the rule establishes the conflict. However, the groups' claim for attorney fees itself belies the simplicity of the issue as it must have been presented to the district court. The claim for fees by the group on this issue alone is in excess of $99,000.00. Either the issue was not as simple as it appears at this time or there has been an incredible inflation of the claim for fees. The district court treated the issue as one legitimately contested, which is consistent with the enormous claim for fees made by the group on this issue. There was no abuse of discretion, and the district court's decision on this issue should be affirmed. The alternative is to determine that the group has made a $99,-

000.00 request for attorney fees on an issue that could be resolved by a simple, facial reading of the statute and the rule—a process that should take less than an hour.