953 P.2d 638

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Steve SAMORA, Defendant–Appellant.**

**No. 23573.**

Court of Appeals of Idaho.

Feb. 26, 1998.

Whittier, Souza and Naftz, Cht., Pocatello, for defendant-appellant.

Alan G. Lance, Attorney General, Kimberly A. Coster, Deputy Attorney General, Boise, for plaintiff-respondent.

SCHWARTZMAN, Judge.

A jury found Steven Leroy Samora guilty of trafficking in marijuana, a violation of I.C. § 37–2732B(a)(1). Samora was sentenced to a unified seven-year term, with five years fixed, and a $15,000 fine. On appeal, he alleges that: (1) the mandatory minimum period of incarceration imposed upon him pursuant to I.C. § 37–2732B(a)(1) is unconstitutional; (2) the statutory definition of marijuana as set forth in sections 37–2732B(a)(1) and 37–2701(s) is unconstitutionally vague; and (3) the trial court erred in prohibiting a defense witness from reading an admitted document into the record. For the reasons stated below, we affirm.

## I.

### FACTS AND PROCEDURE

After receiving an anonymous phone call suggesting that Samora was involved in the cultivation of marijuana, state narcotics agents launched an investigation of Samora that spanned a three-month period. As a result of the investigation, on May 16, 1996, officers obtained and executed a search warrant for Samora's Murtaugh, Idaho, residence. During the course of the search, officers seized over one hundred marijuana plants and related paraphernalia.

Samora was arrested and charged with trafficking in marijuana. He entered a plea of not guilty and proceeded to a jury trial. Following deliberations, the jury returned a verdict finding Samora guilty of trafficking in marijuana. The district court imposed a unified seven-year sentence, with five years fixed, and a $15,000 fine. Samora timely appealed.

## II.

### ANALYSIS

#### A. Challenge to the Constitutionality of I.C. § 37–2732B(a)(1)

For the first time on appeal, Samora claims that the mandatory minimum sentence prescribed by I.C. § 37–2732B(a)(1) and imposed upon him violates Art. V, § 13 of the Idaho Constitution because it impermissibly limits the district court's sentencing discretion.

 It is well established that this Court will not consider issues raised for the first time on appeal. *State v. Kellis,* 129 Idaho 730, 732, 932 P.2d 358, 360 (Ct.App.1997). However, we need not even reach this issue as Samora concedes in his brief that this constitutional claim is foreclosed under the Idaho Supreme Court's recent decision of *State v. Puetz,* 129 Idaho 842, 934 P.2d 15 (1997).

 Samora next claims that I.C. § 37–2732B(a)(1), when read in conjunction with I.C. § 37–2701(s) which defines marijuana,[1] is void for vagueness because it fails to define what constitutes a marijuana plant. Section 37–2732B(a)(1) provides *inter alia* that any person who possesses more than twenty-five marijuana plants is guilty of the felony of trafficking in marijuana. Subsection (a)(1)(C) further provides that if the quantity is equal to or greater than one hundred marijuana plants, "regardless of size or weight of the plants," the minimum fixed term of imprisonment is five years.

---

1. Marijuana is defined in I.C. § 37–2701(s) as
 all parts of the plant of the genus Cannabis, regardless of species, and whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin. It does not include the mature stalks of the plant unless the same are intermixed with prohibited parts thereof, fiber produced from the stalks, oil or cake made from the seeds or the achene of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks (except the resin extracted therefrom or where the same are intermixed with prohibited parts of such plant), fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination. Evidence that any plant material or the resin or any derivative thereof, regardless of form, contains any of the chemical substances classified as tetrahydrocannabinols shall create a presumption that such material is "marijuana" as defined and prohibited herein.

At trial, Samora testified that at the time they were seized, the twenty-eight plants found in his living room were eight to ten inches tall and the fifty-three plants found in his master bedroom were four to six inches tall. In addition, Samora testified that the twenty plants found in his garage were mature plants, measuring anywhere from one to three feet tall. One of the officers who searched Samora's home testified that the fifty-three plants found in Samora's master bedroom had not yet developed roots at the time of seizure and there was no guarantee that they would grow to maturity. Samora claims that because the Idaho statutes do not define what constitutes a marijuana "plant," it is not clear that unrooted cuttings were marijuana "plants" as that term is used in I.C. § 37–2732B(a)(1). Samora further asserts that at best, the prosecutor could prove only that he possessed forty-eight marijuana plants rather than 104 plants as alleged in the information.[2]

Samora never raised the constitutionality or specificity of the statutory definition of "marijuana plant" as an issue before the district court. Thus, in the absence of an adequate record upon which to evaluate the merits of Samora's challenge to the constitutionality of the definition of marijuana plant, Samora's failure to raise this issue before the district court precludes this Court from considering it now for the first time.[3] *See State v. Wengren,* 126 Idaho 662, 668, 889 P.2d 96, 102 (Ct.App.1995) (defendant's claim that I.C. § 37–2732B(a)(1) was void for vagueness, because it contains no definition of what constitutes a marijuana "plant" and does not specify whether cuttings which are not yet rooted can be considered "plants," could not be considered because it was raised for the first time on appeal).

**B. Precluding a Witness from Reading an Admitted Document to the Jury**

■ Samora asserts that the district court abused its discretion when it ruled that Dr.

Hammond, a defense witness, could not read excerpts of Samora's medical record, a document already admitted into evidence, to the jury. He claims that pursuant to Rule 803(24) of the Idaho Rules of Evidence, the witness should have been permitted to read parts of the document into the record because it would have explained the purpose of the medical records and would have clarified Dr. Hammond's other testimony.

At trial, Samora testified regarding his medical condition and treatment. Subsequently, defense counsel called Dr. Hammond, a physician who treated Samora for back pain, as a witness. Counsel asked Dr. Hammond to read excerpts from a medical report previously admitted into evidence, but not prepared by Dr. Hammond. Following an objection from the prosecutor, the district court prohibited Dr. Hammond from reading directly from the reports but permitted him to provide opinions based upon the reports. The district court expressed the view that allowing Dr. Hammond to read the reports to the jury verbatim would be tantamount to permitting him to vouch for Samora's testimony, medical condition, and treatment history. The witness did testify extensively regarding Samora's medical history and gave his opinions concerning the propriety and success of Samora's reported treatments and surgeries.[4]

Our Supreme Court has held that there is no discernable difference between reading an exhibit into the record and admitting an exhibit into evidence when the same information is imparted by each. *See, e.g., Skaggs Drug Ctrs., Inc. v. City of Idaho Falls,* 90 Idaho 1, 11, 407 P.2d 695, 700 (1965) ("There is no practical difference between reading the exhibit and admitting into evidence the physical document which merely recites the same information as could be found in the rec-

---

**2.** The information charged Samora with possessing "one hundred four (104) live growing marijuana plants."

**3.** The final jury instructions and closing argument were not made a part of the record on appeal. Thus, we do not even know whether the jury was given the opportunity to find that Samo-

ra possessed a lesser number of plants (included offense), which would subject him to a lower mandatory minimum fixed sentence.

**4.** The transcript reflects that the trial court instructed the jury with respect to a medical necessity defense.

ord."); *Stewart v. Rice,* 120 Idaho 504, 507, 817 P.2d 170, 173 (1991) ("Since it was already admitted, the reading of the deposition to the jury did not add any new evidence."). Whether a document or exhibit is read to the jury or simply admitted as an exhibit is a decision within the trial court's discretion. *Stewart,* 120 Idaho at 507, 817 P.2d at 173 ("It is within the discretion of the trial court to determine when an exhibit is presented to the jury for its consideration.").

Samora asserts that having the witness read the documents to the jury was material to his defense, but fails to reveal why, except to assert that the document could not speak for itself without explanation. Samora further claims that a reading of the report into the record was necessary in order for the jury to understand Dr. Hammond's other testimony. However, these claims fail to demonstrate the difference between the jury reading the report and the jury hearing the report read by an expert. So far as we can discern from the record, the trial court did not prohibit defense counsel from asking Dr. Hammond to explain medical terms used in the exhibit or to otherwise give testimony that might be necessary for the jury to understand the exhibit or its relationship to his opinions. Accordingly, we find no abuse of discretion in the trial court's decision to preclude the expert from reading the admitted document to the jury.

### III.

### CONCLUSION

We affirm Samora's judgment of conviction and sentence.

LANSING, C.J., and PERRY, J., concur.