798 P.2d 935

**Cleona M. VALENTINE,
Plaintiff–Respondent,**

v.

**Melvin E. PERRY; John Doe I Through X; Jane Doe I Through X; and John Doe Corporations I Through X, Defendants–Appellants.**

No. 18128.

Supreme Court of Idaho.

Oct. 5, 1990.

Quane, Smith, Howard & Hull, Pocatello, for defendants-appellants.    Michael D. Gaffney, argued.

Hawkes & Morgan, Pocatello, for plaintiff-respondent.  M. Brent Morgan, argued.

McDEVITT, Justice.

This is an appeal from the trial court's various awards of costs and attorney fees in a personal injury suit.  The incident that gave rise to this action occurred on June 24, 1984, when Cleona M. Valentine, a social guest at the Melvin E. Perry home, slipped and fell, injuring her back and wrist.  Valentine filed suit against Perry.

Trial was ultimately set for May 18, 1988.  On April 27, 1988, the parties entered into a stipulation, through their respective attorneys, agreeing to exchange schedules of witnesses and evidence, and agreeing that witnesses and/or evidence not disclosed would be excluded.  They also agreed that Valentine would not present evidence of psychiatric or psychological treatment, or claim those expenses as an element of damages, in exchange for the agreement that neither party would produce or present, by way of medical record or expert witness, any evidence of psychological or psychiatric damage.  Then, after the jury had been selected and counsel for Valentine had delivered the opening statement, counsel for Perry requested that the stipulation between the parties be set aside so that the defense could address the issue of the mental condition of Valentine and call her psychiatrist as a witness.  In response, the court declared a mistrial.  The court stated that it would continue the trial on the express condition that Valentine's attorney be paid the attorney fees he incurred and all expenses advanced on Valentine's behalf in preparing the trial.  Counsel for Perry objected to this arrangement.

A jury trial was finally held, beginning January 9, 1989.  The jury found Valentine sixty percent negligent.  On January 24, 1989, the court entered a judgment on the verdict in which it found Valentine sixty percent negligent, awarded costs to Perry as the prevailing party, and directed each party to pay its own costs and attorney fees.

On March 6, 1989, the court entered a second judgment awarding costs in favor of Perry in the amount of $4,409.11.  The court also awarded judgment to Valentine's counsel against Perry's counsel in the

amount of $2,900.40, pursuant to the earlier award of costs and fees. The court later increased this award to $4,080.40 in an amended judgment and order.

On April 24, 1989, the court entered its Memorandum Decision and Order and Second Amended Judgment in which it awarded Valentine a judgment against Perry in the sum of $4,080.40. Perry objected, arguing that he did not intend to raise the issue of the propriety of the award on appeal, but only that the court awarded judgment to a nonparty to the law suit. In response, the court entered its Minute Entry and Order on July 12, 1989, in which it rescinded the Second Amended Judgment and ordered Perry's counsel, Michael Gaffney and Douglas Balfour, jointly and severally, to pay $4,080.40 to Valentine's attorney, M. Brent Morgan.

A Notice of Appeal was filed May 31, 1989, an Amended Notice of Appeal was filed June 5, 1989, and a Second Amended Notice of Appeal was filed August 1, 1989.

### ISSUES ON APPEAL

1. Did the trial court inappropriately award costs and attorney fees on declaring a mistrial?

2. Did the trial court inappropriately enter judgment in favor of counsel for Valentine, a non-party?

3. Did the trial court act without jurisdiction after Notice of Appeal had been filed?

4. Did the trial court abuse its discretion in its refusal to order an offset?

5. Is Perry entitled to attorney fees on appeal?

### I. AWARDING OF ATTORNEY FEES UPON DECLARATION OF A MISTRIAL

The Idaho Rules of Civil Procedure do not make any provision for the awarding of attorney fees by the trial court on the declaration of a mistrial by that court.

■ The awarding of attorney fees in Idaho is dependent upon a statute or rule of the court permitting the awarding of such fees. *Idaho Power Co. v. Idaho Public Utilities Com'n*, 102 Idaho 744, 639 P.2d 442 (1981); *Hellar v. Cenarrusa*, 106 Idaho 571, 682 P.2d 524 (1984).

Due to the fact that the court continued this matter following the declaration of a mistrial, the only rule that might be brought into play is I.R.C.P. 54(d)(3), which states:

> In the event any party to an action applies for an enlargement of time or postponement of a hearing or trial, the court in its discretion may impose and tax costs and expenses occasioned thereby against the moving party as a condition to such enlargement or a postponement.

The foregoing rule does provide the trial court with the discretion to award costs and expenses "against the moving party" for the enlargement of time or postponement of a hearing or a trial as a condition to the granting of such motions. In this action, no such motion was made, nor was it pending before the court.

■ The record is clear that counsel for Perry objected to the assertion by the trial court that fees and costs would be awarded against Perry in connection of a declaration by that court of a mistrial. Idaho Rule of Civil Procedure 54(d)(3) additionally provides only for "costs and expenses." There is no provision contained in that rule for the awarding of attorney fees. The only provision within I.R.C.P. 54 is Rule 54(e)(5), which provides that attorney fees can be deemed "costs" for purposes of an award if they are allowed by statute or contract. Here again, there is no statutory basis for the awarding of fees against Perry as done by the trial court as a "condition" of declaring a mistrial.

This record does not support the assertion that there was an agreement or stipulation by the parties to pay attorney fees at the time of the grant of a declaration of a mistrial by the trial court.

### II. ENTRY OF JUDGMENT IN FAVOR OF COUNSEL FOR VALENTINE

■ Counsel for Valentine was not a party to this action, and appeared before

the court solely in counsel's capacity of representation of that client. This Court has clearly held that the trial court cannot enter judgment for or against the person who is not a party to the action. *Ridley v. VanderBoegh*, 95 Idaho 456, 464, 511 P.2d 273, 281 (1973).

If the trial court so desired and had made the requisite findings, it could have imposed sanctions against counsel for Perry, pursuant to I.R.C.P. 37(b), 37(e), 11(a)(1), or 16(i). It did not do so. The action by the court in awarding fees not in the form of sanctions to a non-party lawyer is not supported by I.R.C.P. or by the decisions of this Court.

### III. ENTRY OF AMENDED JUDGMENT SUBSEQUENT TO MAY 31, 1989

 Except in limited circumstances which are not relevant to this appeal, once a notice of appeal has been perfected, the district court no longer has jurisdiction over the case. *H & V Engineering, Inc. v. Idaho State Board of Professional Engineers & Land Surveyors*, 113 Idaho 646, 747 P.2d 55 (1987); *Dolbeer v. Harten*, 91 Idaho 141, 417 P.2d 407 (1966).

In this case, the initial notice of appeal was filed by Perry on May 31, 1989, and was subsequently amended on June 5, 1989, and August 1, 1989. Therefore, the trial court lacked jurisdiction to enter the July 12, 1989, Minute Entry and Order, which further amended the judgment already entered in this action and from which an appeal had been taken.

### IV. FAILURE OF THE TRIAL COURT TO CONSIDER AN OFFSET

Because we vacate the award of attorney fees and costs to Valentine and counsel for Valentine, we need not address this question.

### V. ATTORNEY FEES ON APPEAL

With the multiplicity of issues raised in this matter at the trial court and on appeal, we cannot, based upon the record before us, hold that this appeal was pursued or

defended frivolously by either party. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979).

The order of the trial court and judgment awarding fees to Valentine in connection with the mistrial and the subsequent award of fees to Valentine's counsel are vacated. The matter is remanded to the trial court for action in conformance with this decision.

Costs to appellant.

BAKES, C.J., and BISTLINE, JOHNSON and BOYLE, JJ., concur.