818 P.2d 318

**Kenneth R. BURNS and Mardale Burns, husband and wife; Boundary Aviation, Inc., Plaintiffs–Appellants,**

v.

**The COUNTY OF BOUNDARY, a political subdivision for the State of Idaho; the Board of County Commissioners in and for the County of Boundary, a political subdivision of the State of Idaho; and Chester Baker, Richard Blake, Clyde Stone and Chris Clark, the members of said Board, Defendants–Respondents.**

**No. 19066.**

Supreme Court of Idaho,
Coeur d'Alene, April 1991 Term.

Sept. 25, 1991.

Jenkins & Leggett, Coeur d'Alene, for plaintiffs-appellants. Janet E. Jenkins argued.

Randall W. Day, Bonners Ferry, for defendants-respondents.

BOYLE, Justice.

In this case we are called upon to determine whether the trial court properly awarded attorney fees. We affirm.

I.

On May 9, 1983, Kenneth Burns entered into a fixed-base operator agreement and airport manager agreement with the Boundary County Board of Commissioners for the operation of the Boundary County airport for a five-year period. Early in 1986, disputes arose concerning the operation of the airport. In June of 1986, the county gave Burns notice that it intended to terminate the contract, and on September 26, 1986, the county commissioners formally voted to terminate the contract. Burns filed this action for damages and also sought a writ of mandate from the district court to prohibit the county from terminating the contract and to preserve the status quo until the dispute could be

resolved. Following a hearing conducted over a three day period, the district court issued an order granting a preliminary injunction. The injunction prohibited the county from terminating the contract and it remained in force until the contract expired by its own terms on May 9, 1988.

In the action for damages, Burns claimed that the county was liable for breach of contract, that the county had acted in bad faith in the termination of the contract and that his procedural and substantive due process rights had been violated pursuant to 42 U.S.C. § 1983. Burns sought damages for lost business profits, emotional distress and punitive damages. Burns' claim for damages went to trial before the district court sitting without a jury. After a six-day court trial the district court issued a decision holding that the county had breached the airport operation contract and that Burns was entitled to $45.00 damages which were incurred before the preliminary injunction was issued. Burns' other claims were dismissed. In addition, the district court determined that Burns was entitled to an award of attorney fees and costs necessary to remedy the county's default under the agreement. The district court also determined that Burns' bad faith claim and claim pursuant to 42 U.S.C. § 1983 were not brought frivolously, unreasonably or without foundation and, therefore, the county's request for an award of attorney fees was denied.

At a post-trial hearing the district court held that Burns was entitled only to those attorney fees which were incurred in obtaining the preliminary injunction and that Burns was not entitled to attorney fees incurred in preparing and presenting the damage case at trial. Accordingly, the district court awarded Burns $5,970.00 in attorney fees.

After reviewing the record we have determined that the district court applied the proper principles and did not abuse its discretion.

## II.

Burns asserts that he was the prevailing party at trial and that he was enti-
tled to an award of all attorney fees incurred in the action. Burns argues that attorney fees of $5,970.00 awarded by the district court was not reasonable because it was not based upon the total hours of work performed by his attorneys to prepare for and conduct the six-day court trial. Burns argues that much of his efforts at trial were caused because the county would not stipulate that a breach of the contract had occurred, notwithstanding issuance of the injunction. Consequently, a significant portion of Burns' case at trial concerned whether a breach of the contract had occurred in order to prove the damages caused by that breach. Burns argues that the district court ignored his effort at trial in calculating the amount of attorney fees and therefore asserts that he is entitled to an award of attorney fees for all of the work involved in proving the breach of contract and in presenting his other claims. We disagree.

In addition to properly applying the provisions of I.R.C.P. 54, the district court clearly understood that it was also interpreting the terms of a contract in awarding costs and fees. In its memorandum decision and order the trial court stated:

> IT IS HEREBY FURTHER ORDERED that petitioners are entitled to attorney fees and costs in accordance with paragraph XVII of the AIRPORT MANAGERS AGREEMENT and said attorney fees and costs shall be determined pursuant to the procedure in Rule 54 I.R.C.P. Said attorney fees and costs shall be limited to those fees and costs necessary to remedy the respondents' default under the AIRPORT MANAGER AGREEMENT.

R., p. 128. The trial court's order complied with the terms of the parties' contract as well as the provisions of I.R.C.P. 54. At the conclusion of oral arguments on the attorney fee issue, the trial court stated "With respect to the attorney fees, the Court will award seventy-seven (77) hours at $75 per hour, on the basis that I think the Defendants have the better argument *with respect to the entitlement under the contract, ...*" (Emphasis added.) Like-

**616**

wise, in its Memorandum Decision and Order the trial court stated that the award of "attorney fees and costs shall be determined pursuant to the procedure in Rule 54 I.R.C.P." The trial court considered both the terms of the parties' contract and the provisions of I.R.C.P. 54 in making the fee award. We hold the trial court did not err nor abuse its discretion.

 In addition to seeking damages for breach of contract in this action, Burns' complaint sought damages in excess of one million dollars under several theories. The trial court awarded Burns only $45.00 damages pursuant to the breach of contract claim and dismissed all other claims. I.R.C.P. 54(d)(1)(B) directs the trial court, in exercising its discretion, to consider the result of the litigation in relation to the relief sought in determining the prevailing party. It is well established that an award of attorney fees rests in the sound discretion of the trial court. *Sun Valley Shopping Center v. Idaho Power Co.,* 119 Idaho 87, 803 P.2d 993 (1991). In addition, the burden is on the party disputing the award to show an abuse of discretion. *Anderson v. Ethington,* 103 Idaho 658, 651 P.2d 923 (1982); *Palmer v. Idaho Bank & Trust,* 100 Idaho 642, 603 P.2d 597 (1979).

In *State v. Hedger,* 115 Idaho 598, 768 P.2d 1331 (1989), citing *Associates Northwest, Inc. v. Beets,* 112 Idaho 603, 733 P.2d 824 (Ct.App.1987), we adopted the analysis which appellate courts of this state will make in determining whether or not a trial court has abused its discretion. In *Hedger,* we stated:

> When an exercise of discretion is reviewed on appeal, the apellate court conducts a multi-tiered inquiry. The sequence of the inquiry is (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason.

115 Idaho at 600, 768 P.2d at 1333. We subsequently reaffirmed this principle and applied the multi-tiered analysis in *Sun*

*Valley Shopping Center v. Idaho Power Co.,* 119 Idaho 87, 803 P.2d 993 (1991). Applying this analysis to the instant case, we hold that the trial court did not abuse its discretion in determining that Burns was entitled only to those attorney fees which were incurred in obtaining the preliminary injunction. The record before us demonstrates that the trial court properly considered the written terms of the contract between the parties and applied the provisions of I.R.C.P. 54 in making the award of attorney fees to Burns. There has been no showing of an abuse of discretion and no error.

The award of attorney fees by the district court is affirmed. Costs on appeal to respondent. No attorney fees awarded on appeal.

BAKES, C.J., and BISTLINE, JOHNSON and McDEVITT, JJ. concur.