911 P.2d 748

In re SRBA—CASE NO. 39576.

IDAHO CONSERVATION LEAGUE, INC.; Idaho Rivers United, Inc.; Idaho Wildlife Federation, Inc.; and Northwest Resource Information Center, Inc., Petitioners–Appellants–Cross Respondents,

v.

The STATE of Idaho; Rim View Trout Company; Nampa & Meridian Irrigation District; Grindstone Butte Mutual Canal Company; Hagerman Water Users; Clear Springs Trout Company and A & B Irrigation District, Respondents,

and

Boise–Kuna Irrigation District; New York Irrigation District; Wilder Irrigation District; Big Bend Irrigation District; Idaho Power Company; Twin Falls Canal Company; Northside Canal Company, Ltd.; Pioneer Irrigation District and Settlers Irrigation District, Respondents–Cross Appellants.

No. 21144.

Supreme Court of Idaho,
Twin Falls, March 1995 Term.

Aug. 31, 1995.

Rehearing Denied Nov. 8, 1995.

Lawrence Lucas, Boise, Idaho, for appellant.

Larry EchoHawk, Attorney General, David J. Barber, Deputy Attorney General, Boise, for respondent State of Idaho. David J. Barber argued.

Ringert, Clark, Chtd., Boise, for respondents Rim View Trout Co., Grindstone Butte Mutual Canal Co. and Nampa & Meridian

Irrigation District. William F. Ringert argued.

McDEVITT, Chief Justice.

## I.

### BACKGROUND AND FACTS

The facts relevant to this appeal are not in dispute. Appellants, Idaho Conservation League, Inc., Idaho Rivers United, Inc., Idaho Wildlife Federation, Inc., and Northwest Resource Information Center, Inc., (the Conservation Groups) are Idaho nonprofit corporations dedicated to the preservation and management of Idaho's natural resources. The Conservation Groups petitioned for leave to intervene in the Snake River Basin Adjudication (SRBA) under I.R.C.P. 24(a) and (b) to represent the interests of the public through the public trust doctrine and the statutory doctrine of the local public interest.

The district court denied the Conservation Groups' motion from the bench, holding that the limited jurisdiction vested in that court under the statutes creating the SRBA did not provide the district court with the authority to consider the public trust doctrine. The district court concluded that "this court is simply without jurisdiction to consider that doctrine. And therefore I would have to deny the motion because it simply is a request to intervene and present an issue which is not justiciable by this court."

The Conservation Groups then filed a motion to reconsider. In their motion, the Conservation Groups sought reconsideration of the holding that the SRBA court is a court of limited subject matter jurisdiction without authority to consider the public trust doctrine as an element of a water right. The SRBA court rejected the Conservation Groups' argument that I.C. § 42–1416A, which requires that the court consider the "local public interest[,]" granted the court jurisdiction to consider the public trust doctrine. However, the district court held that the Conservation Groups could intervene for the limited purpose of asserting the local public interest. Prior to this appeal, the district court held that I.C. §§ 42–1416 and 42–1416A, which provide for consideration of the local public interest are unconstitutional

as written. The legislature repealed those statutes in 1994. 1994 Idaho Sess. Laws H.B. No. 989, ch. 454, § 24, p. 1471.

The Conservation Groups appealed to this Court, seeking reversal of the district court's holding that it cannot consider the public trust doctrine when decreeing water rights. Respondents, the State of Idaho, several irrigation districts, and other water users involved in the SRBA (the Irrigation Districts), cross-appealed, seeking reversal of the district court's holding that the Conservation Groups could intervene on the basis of the local public interest. The Conservation Groups also request attorney fees on appeal under the private attorney general doctrine.

## II.

### THE DISTRICT COURT DID NOT ERR IN DENYING THE CONSERVATION GROUPS' MOTION FOR LEAVE TO INTERVENE TO ASSERT THE PUBLIC TRUST DOCTRINE

■ The Conservation Groups, relying on *Kootenai Envtl. Alliance, Inc. v. Panhandle Yacht Club, Inc.,* 105 Idaho 622, 671 P.2d 1085 (1983), argue that the public trust doctrine requires that the district court consider the public trust as an element of each water right subject to the adjudication. Because the state may impose restrictions, conditions, and limitations upon the exercise of water rights in service of the public interest, Idaho Const. art. XV, §§ 1, 3, 5, the Conservation Groups contend that the district court must consider the public trust doctrine in the SRBA.

■ The SRBA court "is, in effect, a separate division of the district court and exercises the unique jurisdiction given it by the legislature." *Walker v. Big Lost River Irrigation Dist.,* 124 Idaho 78, 81, 856 P.2d 868, 871 (1993). That jurisdiction requires that the district court undertake "a comprehensive determination of the nature, extent and priority of the rights of all users of surface and ground water" in the Snake River Basin. I.C. § 42–1406A (uncodified 1994). The state's ownership of the water that is the subject of the adjudication, is not before the SRBA court, nor is that ownership interest in any way diminished by the adjudication of claimants' rights.

■ The proprietary rights to use water, which are the subject of the SRBA, are held subject to the public trust. *Kootenai*, 105 Idaho at 631, 671 P.2d at 1094 ("[T]he public trust doctrine takes precedent even over vested water rights."). The water rights adjudicated in the SRBA, as with all water rights, are impressed with the public trust. The district court correctly concluded that the public trust doctrine is not an element of a water right used to determine the priority of that right in relation to the competing claims of other water right claimants.

## III.

### THE DISTRICT COURT ERRED IN GRANTING THE CONSERVATION GROUPS' MOTION FOR LEAVE TO INTERVENE TO ASSERT THE LOCAL PUBLIC INTEREST

On cross-appeal, the Irrigation Districts challenge the district court's ruling that, where the local public interest standard is determined to apply as a precondition to decreeing a water right in the SRBA, the Conservation Groups' motion to intervene shall be granted to assert the local public interest. The court found that the legislature has explicitly required judicial resolution in the SRBA of the local public interest standard for water rights where the notice of claim or recommendation in the director's report is based on I.C. § 42–1416 or § 42–1416A, also known as the "presumption" and "accomplished transfer" statutes. Thus, the court ruled, the criteria of I.C. § 42–222, including the local public interest, are conditions that must be evaluated and satisfied prior to decreeing elements of a water right claimed in the SRBA under I.C. § 42–1416 or § 42–1416A. The affected water rights include expansions in violation of the mandatory permit requirements, previously adjudicated rights challenged in the SRBA, and changed uses not in compliance with the appropriation statutes.

The legislature repealed I.C. §§ 42–1416 and 42–1416A and enacted I.C. § 42–1425 during its most recent 1994 session, to eliminate the need for the court to consider I.C. § 42–222 factors, one of which is the local public interest, in determining the nature and extent of the "expanded" or "changed" water rights described above. The legislature declared in I.C. § 42–1425 that "[a]ny change of place of use, purpose of use, point of diversion, nature of use or period of use of a water right ... may be claimed in a general adjudication even though the person has not complied with sections 42–108 and 42–222, Idaho Code, provided no other water rights existing on the date of the change were injured and the change did not result in an enlargement of the original right[,]" I.C. § 42–1425(2), and that "the continuation of the historic water use patterns resulting from these changes is in the local public interest provided no other existing water right was injured at the time of the change." I.C. § 42–1425(1)(b). The statute also provides a means for an aggrieved party to object to a changed use, instructing the director to determine "whether the change injured a water right existing on the date of the change or constituted an enlargement of the original right". I.C. § 42–1425. In I.C. § 42–1426, the legislature declared it in the local public interest to waive the mandatory permit requirements for enlarged or expanded uses obtained without complying with the mandatory permit requirements as long as the enlarged use did not increase the original diversion rate or reduce the quantity of water available to other users existing on the date of the enlargement. I.C. § 42–1426(1)(a).

The repeal of I.C. §§ 42–1416 and 42–1416A effectively eliminates the grounds upon which the Conservation Groups were granted limited intervention. Consequently, the SRBA court's order granting the motion to intervene is vacated.

## IV.

### THE CONSERVATION GROUPS ARE NOT ENTITLED TO ATTORNEY FEES UNDER THE PRIVATE ATTORNEY GENERAL DOCTRINE

■ The Conservation Groups request an award of attorney fees below and on appeal under the private attorney general doctrine, asserting that the unique facts of this case satisfy the standard set forth in *Hellar v. Cenarrusa*, 106 Idaho 571, 682 P.2d 524 (1984), as a prerequisite to an award of attor-

ney fees under the private attorney general doctrine. We disagree. The Conservation Groups have in no way shown that they are entitled to attorney fees based on the private attorney general doctrine. There is no proof that they represent the public interest, nor that they bear the burden of sole responsibility for prosecuting in the name of the public. Moreover, any award of fees in this case, dealing solely with the issue of the propriety of intervention, would be premature because no alleged public right as yet has been vindicated.

## V.

## CONCLUSION

The district court's order denying the Conservation Groups' petition to intervene in the SRBA to assert the public trust doctrine is affirmed. The district court's order granting the Conservation Groups' petition to intervene to assert the local public interest is vacated. Costs on appeal to respondents.

JOHNSON, TROUT, SILAK and SCHROEDER, JJ., concur.