947 P.2d 391

**In re SRBA Case Nos. 39576, 91–00002 ex rel. Award of Attorney Fees Under Private Attorney General Doctrine re Basin–Wide Issue No. 2.**

**STATE of Idaho, Petitioner,**

v.

**HAGERMAN WATER RIGHT OWNERS, INC. (HWRO), Respondents.**

No. 23071.

Supreme Court of Idaho,
Boise, March 1997 Term.

Sept. 10, 1997.

* Justice McDevitt participated in this decision pri- or to his resignation.

Alan G. Lance, Attorney General; Steven W. Strack, Deputy Attorney General (argued), Boise, for appellant.

Hepworth, Lezamiz & Hohnhorst, Twin Falls, for respondents. John C. Hohnhorst argued.

SCHROEDER, Justice.

This case was brought in the Fifth Judicial District Court (SRBA court) as part of the proceedings in the Snake River Basin Adjudication (SRBA). As part of what came to be designated "Basin–Wide Issue No. 2," dealing with the role of the Director of the Idaho Department of Water Resources (Director) and the Idaho Department of Water Resources (IDWR), the district court awarded Hagerman Water Right Owners, Inc. (HWRO) attorney fees pursuant to the pri-

vate attorney general doctrine for its role in obtaining basin-wide designation of those issues. The SRBA court's order entered on October 15, 1993, did not specify against whom the award was made. Subsequently, the Idaho Legislature amended Title 42, eliminating the Director and/or the Department as a party in the SRBA. The State of Idaho appeals the award.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

On April 29, 1993, HWRO filed a motion with the SRBA court to have it appointed as a "private attorney general" and to provide payment of attorney fees.[1] Initially, the district court denied HWRO's motion because no issue had as yet been identified and designated as a basin-wide issue, noting that "[w]hen a potentially qualifying issue is identified, parties will be aligned, and then the matter of appointing a private attorney general can be addressed if raised."

On June 30, 1993, HWRO filed a Motion to Designate Basin–Wide Issues and, [inter alia,] Determine Award of Fees and Costs Under Private Attorney General Doctrine (Motion to Designate). The IDWR opposed an award of attorney fees. On October 15, 1993, the district court partially granted HWRO's motion to designate Basin–Wide Issue No. 2 which was stated as follows:

What is the role of the Director, i.e., the Idaho Department of Water Resources, as a party in this statutory adjudication requiring the judicial determination of each

---

1. Section 42–1423 of the Idaho Code provides:

 No judgment for costs or award of attorneys fees against the state of Idaho, any state agency, or any officer or employee of the state of Idaho shall be allowed in any water rights adjudication proceeding pursuant to this chapter. The state of Idaho expressly refuses to waive its sovereign immunity to the imposition of any judgment for costs or award of attorney fees. The state of Idaho ... shall not be required to pay any fees other than those provided in section 42–1414, Idaho Code for appearing in a proceeding brought under this chapter or any appeal of a matter arising from such proceeding.
 I.C. § 42–1423 (1994).

 The SRBA court noted:
 On June 23, 1995, the Supreme Court of the State of Idaho issued its opinion on the BWI # 3 appeal and spoke to the issue of attorney fees and the circumstances under which they may be granted. However, the State and Legislature stipulated at oral argument that I.C. § 42–1423 was inapplicable to conduct or awards which preceded the April 12, 1994 effective date of the statutes. Because the award in the present case was applied prospectively from October 15, 1993, that provision of the statutes is inapplicable to this court's decision.
 The parties do not challenge this determination regarding the fees awarded below.

claimant's right to the use of water in the Snake River Basin?

The district court declined to "[a]lign parties according to the positions advocated as to the eventually designated Basin–Wide Issues or to the Basin–Wide Subcases" and also held that HWRO would be entitled to "attorney fees incurred in litigating Basin–Wide No. #2 before the court in such amount as is applied for and approved by the court at the conclusion of the case." The district court explained the prospective grant of attorney fees:

> By raising and strongly advocating for designation of the role of IDWR as a Basin–Wide Issue, Movants have provided a substantial service to this court and to all water users in this state.... The state of Idaho would not have sought to raise this issue and, in fact, has vigorously argued against this issue being designated as a Basin–Wide Issue.... Resolution of this issue is critical to the judiciary's ability to proceed to hearing and ultimately to resolve subcases and issues in the SRBA generally....

> Movants have requested that the private attorney general doctrine be prospectively applied. The prospective application of the private attorney general doctrine is unique but is not prohibited.... The court can look to its equitable powers to make a determination of the prospective application of this doctrine in the resolution of an issue that is pivotal in the court's ability to proceed to judicial resolution.

> Movants were faced with, and will continue to be faced with, litigating against the state of Idaho to define the role of IDWR in this statutory adjudication. There is an important public interest at stake in the resolution of this issue. Under the equitable powers inherent in this court's ability and responsibility to efficiently manage the case before it, the court orders the prospective application of the private attorney general doctrine and awards attorney fees to Movants for having successfully raised the issue and achieving its designation as a Basin–Wide Issue....

That order did not specify whether the award would be against IDWR or the State. The State filed a Motion to Appeal which was denied.

HWRO submitted a memorandum in which it requested "reasonable attorneys' fees against R. Keith Higginson, in his official capacity as Director of the Idaho Department of Water Resources and the Idaho Department of Water Resources" in the sum of $13,604.05.

The next relevant time line is set forth in *In re SRBA Case No. 39576*, 128 Idaho 246, 912 P.2d 614 (1995):

> Prior to the district court's ruling on basin-wide issue two, the Legislature significantly revised and amended the SRBA statutes. H.B. 969, 990, 1994 Sess. Laws Ch. 454, pp. 1443–78; Ch. 455 pp. 1478–91. Under the amended statutes, the Director was no longer included in the definition of "Party," I.C. § 42–1401A(7) (1994), and the Director's reports, notices of claimed water rights, objections to those claims, responses to objections, and negotiated agreements were no longer referred to as pleadings. I.C. § 42–1412(4) (1994)....

> Idaho Code Sections 42–1401B and 1401C (1994) were adopted to define, respectively, the role of the Director and the role of various state agencies in the SRBA. I.C. § 42–1401B(1) (1994) provides that "[t]he director's role under this chapter is as an independent expert and technical assistant...." Subsections two and three of that statute provide that the Director is neither a claimant on behalf of the State nor a party in the SRBA. I.C. §§ 42–1401B(2), (3).

*Id.* at 252, 912 P.2d at 620.

The SRBA court issued its Memorandum Decision on Basin–Wide Issue No. 2 and 3 on December 7, 1994, declaring the majority of the 1994 SRBA amendments unconstitutional and ordering the SRBA to proceed under the original 1985 statutes. The SRBA court determined that the role of the Director of IDWR was to proceed as statutorily required in the 1985 Act with the State as the real

party in interest appearing through the Director.[2]

On December 13, 1994, the State filed a Motion to Disallow Portion of Attorney Fees, arguing that "many of the requested fees [were] unrelated to designation of the role of the director as a Basin–Wide Issue."

Following this Court's decision in *In re SRBA Case No. 39576*, holding that amendments to the role of the Director and the status of reports filed by the IDWR were constitutional, the SRBA court issued an Order Granting State's Motion to Withdraw Pleadings and Deem Director's Reports Filed Nunc Pro Tunc. The SRBA court stated two directives: (1) the Director shall be eliminated from the caption in Twin Falls County Case No. 39576, (the SRBA), and (2) the Director's reports shall be deemed filed *nunc pro tunc.* The record does not otherwise contain an order realigning the State of Idaho to a position adverse to HWRO. The record does not otherwise contain any indication that the State of Idaho was in anyway "substituted" for the IDWR for the purposes of an award of attorney fees.

On April 10, 1996, the SRBA court awarded HWRO $10, 969.05 in attorney fees pursuant to its previous order for fees involved in "pre-designation" of Basin–Wide Issue No. 2. The SRBA court denied HWRO attorney fees in the amount of $2,655 for that portion of fees involved in "post-designation" litigation because:

> The underlying motion and basis for an award under the private attorney general doctrine is that a party "represent the public interest," just as an attorney general might, or that a party act in a capacity which would bring about a "benefit to the general public...."

> In the instant case, as in the cases previously before the court, a crucial factor in the final analysis is HWRO's degree of self-interest in the resolution of BWI #2.... HWRO prompted the formula-

tion of BWI #2 by specifically requesting that it be designated.

....

[M]erger of the two Basin–Wide Issues, and the self-interested position of HWRO on BWI #3, it is held that during the litigation or "post-designation" phase of BWI #2, HWRO does not meet the requirements of the *Hellar* test.

The State filed a Motion for Interlocutory Appeal, or in the Alternative, for a Determination of Finality Under I.R.C.P. 54(b). The SRBA court denied permissive appeal but issued a I.R.C.P. 54(b) certificate of final judgment. The State appeals the award of attorney fees.

## II.

### STANDARD OF REVIEW

In those instances where attorney fees can properly be awarded, the award rests in the sound discretion of the court. *Foster v. Shore Club Lodge, Inc.,* 127 Idaho 921, 927, 908 P.2d 1228, 1234 (1995); *Miller v. EchoHawk,* 126 Idaho 47, 49, 878 P.2d 746, 748 (1994); *Hellar v. Cenarrusa,* 106 Idaho 571, 577, 682 P.2d 524, 530 (1984). An award of attorney fees under the private attorney general doctrine will be reversed only on a showing of an abuse of discretion. *Boundary Backpackers v. Boundary Co.,* 128 Idaho 371, 378, 913 P.2d 1141, 1148 (1996); *EchoHawk,* 126 Idaho at 49, 878 P.2d at 748 (citing *Fox v. Board of County Comm'rs Boundary County,* 121 Idaho 684, 685, 827 P.2d 697, 698 (1992)). Whether the three-part test for an award of fees under the private attorney general doctrine has been met is a factual determination. *Boundary,* 128 Idaho at 378, 913 P.2d at 1148; *EchoHawk,* 126 Idaho at 49, 878 P.2d at 748; *Hellar,* 106 Idaho at 577, 682 P.2d at 530. Factual findings that are the basis for an exercise of discretion are subject to a sub-

**2.** Idaho Ground Water Appropriators, Inc. ("IGWA") was granted permission to appeal the SRBA court's Memorandum Decision and Order on Basin–Wide Issue No. 2 and 3. On December 19, 1994, the State, appearing through the Deputy Attorney General, also filed a Motion for Permission to Appeal from those decisions. The

IGWA and the State of Idaho filed a Joint Notice of Appeal on February 10, 1995. This Court reversed the SRBA decisions in part, holding that amendments to the role of the Director and the status of his Reports were constitutional. *In re SRBA Case No. 39576*, 128 Idaho at 257–58, 912 P.2d at 625–27.

stantial and competent evidence standard consistent with the clearly erroneous standard of I.R.C.P. 52(a). *Boundary*, 128 Idaho at 378, 913 P.2d at 1148; *EchoHawk*, 126 Idaho at 49, 878 P.2d at 748; *Hellar*, 106 Idaho at 577, 682 P.2d at 530.

## III.

## IF THE AWARD OF ATTORNEY FEES WAS AGAINST THE IDWR PURSUANT TO THE PRIVATE ATTORNEY GENERAL DOCTRINE, THAT AWARD WAS ERRONEOUS.

The record does not clearly set forth whether the award of attorney fees is against the IDWR or the State as an interested party. The order granting an award of attorney fees was made in favor of HWRO at the time it was adversely postured against the IDWR.[3] The record also contains an Order Deeming the Director's Reports Filed Nunc Pro Tunc, eliminating the Director from captioned pleadings. That order, however, does not address against whom the award of fees was granted. What the record does reflect is that IDWR was the only captioned party adverse to the HWRO at the time the order granting fees was issued, that HWRO briefed the issue as if the fees had been assessed against the "IDWR and the State of Idaho," that IDWR filed responsive pleadings opposing the application of the private attorney general doctrine, and that on September 21, 1993, prior to the order granting fees, the IDWR, not the State, argued against an award of attorney fees.

The transcript also reveals that the role of the State of Idaho as an interested party and the IDWR as an agency of the State was far from clear in the proceedings below. On September 19, 1993, a hearing was conducted to argue the merits of HWRO's Motion to Designate Basin–Wide No. 2 and, *inter alia*, provide for attorney fees pursuant to the private attorney general doctrine. The following dialogue took place between Judge Hurlbutt and Deputy Attorney General, Peter Anderson:

> The Court: And for the State of Idaho, Mr. Peter Anderson. Good Morning Mr. Anderson.
>
> Mr. Anderson: Good morning, Your Honor.
>
> The Court: Mr. Anderson, are you appearing on the motion as attorney for the State of Idaho or for the department of water resources, or both, or—
>
> Mr. Anderson: The Department of water resources today, Your Honor.

Because of the confusing nature of the record regarding against whom fees were assessed, the award is evaluated as against both the IDWR and the State of Idaho as an interested party.

> Section 12–117 of the Idaho Code provides:
>
> In any administrative or civil judicial proceeding involving as adverse parties a state agency and a person, the court shall award the person reasonable attorney's fees, witness fees and reasonable expenses, if the court finds in favor of the person and also finds that the state agency acted without a reasonable basis in fact or law.

I.C. § 12–117(1).

As this Court explained in *Roe v. Harris*, 128 Idaho 569, 917 P.2d 403 (1996), a court may not award attorney fees against a state agency under the private attorney general doctrine:

> Comparing the private attorney general doctrine with I.C. § 12–117, the private attorney general doctrine considers the value of the prevailing party's contribution, while I.C. § 12–117 considers the character of the losing party's case. This difference evidences a legislative intent to make the standard of I.C. § 12–117 the basis for an attorney fee award against a state agency, rather than the tests encompassed under the private attorney general doctrine. The legislative intent causes us to rule that the private attorney general doctrine is not available as the basis for an

**3.** This case was originally captioned, *"State of Idaho, ex rel R. Keith Higginson in his official capacity as Director of the Idaho Department of Water Resources v. the United States, the State of Idaho; and all claimants to the use of water from the Snake River Basin Water System,* Case No. 91–0002."

award of attorney fees in a case against a state agency.

*Id.* at 573, 917 P.2d at 407.

If the award of attorney fees in favor of HWRO was intended to apply against IDWR, that award was erroneous. I.C. § 12–117 provides the exclusive basis upon which to seek an award of attorney fees against a state agency. HWRO did not show that IDWR "acted without a reasonable basis in fact or law." I.C. § 12–117(1).

## IV.

## AN AWARD AGAINST THE STATE AS AN INTERESTED PARTY FAILS THE PRIVATE ATTORNEY GENERAL DOCTRINE TEST.

### A. The SRBA Court's Denial of the State's Motion to Deny Attorney Fees Was Not Based on an Alleged Failure to Object to an Award.

The State argues that the district court did not determine the attorney fees issue on the merits but awarded fees based on the State's alleged failure to object. This is not the case. In an order issued April 10, 1996, the SRBA court wrote:

*Fees Relating to Litigation of the Private Attorney General Doctrine—"PreDesignation"*

The State of Idaho objects to, and moves to disallow, fees claimed by HWRO for dates from 3/23 to 5/17 of 1993, totaling $4,285.30. Those dates coincide with research, writing, and review of briefing on BWI # 2. The objection is grounded in the State's position that fees incurred which relate to litigation of the private attorney general doctrine are unrecoverable. This objection is not supported by relevant case law.

. . . .

*Fees Relating to the Designation of Basin–Wide Issue No.2*

Despite the fact that the State does not specifically object to fees totaling $6,663.75 which relate to the designation of BWI

# 2, it affirmatively reserved its right to object to those fees during the appeal phase of Basin–Wide Issues 2 and 3. During the appeal, the State asserted that no attorney fees should issue as a result of a 1994 statute meant to retract, at least partially, the State's waiver of sovereign immunity and protect the state of Idaho from an award of attorney fees under any theory or right of recovery in the SRBA.

The SRBA court explained that the State had stipulated that I.C. § 41–1423, governing the State's sovereign immunity from assessment of fees and costs, was inapplicable to conduct or awards which preceded its effective date. The SRBA court then said:

Because fees related to the designation are not objected to, and because HWRO has met the *Hellar* test, this court reiterates the terms of the *Order Designating* and confirms an award to HWRO under the private attorney general doctrine in the amount of $ 6,663.75. An award in this amount shall issue to HWRO, Inc. from the State of Idaho for HWRO's successful efforts in the designation of BWI # 2.

The SRBA court explicitly reprinted that portion of the State's Motion to Disallow a Portion of Attorney Fees, reasserting its prior objections and arguments against attorney fees. The SRBA court's discussion indicates that it was discussing the State's failure to object to the fees under I.C. § 42–1423, not as improper pursuant to the private attorney general doctrine in general. This leads to an examination of the merits of the award of attorney fees.

### B. An Award of Attorney Fees Under the Private Attorney General Doctrine.

In *Hellar v. Cenarrusa,* 106 Idaho 571, 682 P.2d 524 (1984), the Court held that the trial court has discretion to award attorney fees to the prevailing party under the private attorney general doctrine and adopted a three-factor test to determine the right to such an award: (1) the strength or societal importance of the public policy indicated by the litigation;[4] (2) the necessity for private en-

---

4. In *Hellar,* the Court quoted from the trial court which stated the first prong of the private attorney general doctrine test as: "The strength or necessity for private attorney general doctrine test as: "The strength or societal importance of the public policy *indicated* by the litigation." 106 Idaho at 577, 682 P.2d at 530 (emphasis added). The proper phraseology

forcement and the magnitude of the resultant burden on the plaintiff; and (3) the number of people standing to benefit from the decision. *Id.* at 577–78, 682 P.2d at 530–31. In the present case, the SRBA court stated:

> Movants have established that the three-part test of the "private attorney general doctrine" expressed by *Hellar v. Cenarrusa*, 106 Idaho 571, 682 P.2d 524 (1984), has been met.
>
> By raising and strongly advocating for designation of the role of IDWR as a Basin–Wide Issue, Movants have provided a substantial service to this court and to all water users in this state ("strength of societal importance of the public policy indicated by the litigation"). The State of Idaho would not have sought to raise this issue and, in fact, has vigorously argued against this issue being designated as a Basin–Wide Issue ("necessity for private enforcement and the magnitude of the resultant burden on the plaintiff"). Resolution of this issue is critical to the judiciary's ability to proceed to hearing and ultimately to resolve subcases and issues in the SRBA generally. A decision on this issue will affect every claimant in the adjudication both procedurally and substantively ("number of people standing to benefit from the decision").

(Citations omitted.)

The State argues that the SRBA court made several errors in awarding fees pursuant to the private attorney general doctrine. First, the SRBA court failed to address the statutory basis of the doctrine, which draws its viability from I.C. § 12–121 authorizing the district court to award attorney fees to the "prevailing party." The State argues that HWRO did not prevail. Second, the State maintains that the position advocated by HWRO regarding the role of the IDWR in the SRBA was contrary to the amendments made by the Idaho Legislature and, therefore, an award was improper pursuant to the private attorney general doctrine. Third, the State claims that "designation of a

basin-wide issue" and efficient administration of the proceedings cannot suffice as a substitute for vindicating some substantive right. Fourth, the State argues that HWRO's participation in designating Basin–Wide Issue No. 2 fails the test for an award because HWRO sought to protect private pecuniary interests of its constituent claimants and did not vindicate a public right.

1. **The Private Attorney General Doctrine Derives Its Viability from I.C. § 12–121, and the *Hellar* Three-Pronged Test Includes an Inquiry into Whether the Party "Prevailed" in Vindicating a Public Right Provided for in I.C. § 12–121 and I.R.C.P. 54.**

In *Hellar*, the Court upheld an award of attorney fees under the private attorney general doctrine. 106 Idaho at 578, 682 P.2d at 531. In that case, the issue of whether the private attorney general doctrine requires a statutory basis was squarely addressed by the Court as follows: "Defendants argue that the rule in Idaho is that attorney fees may not be awarded in the absence of an express statute granting attorney fees...." *Id.* The Court held:

> We continue to adhere to the so-called "American Rule" to the effect that attorney fees are to be awarded *only where they are authorized by statute or contract.* Since I.C. § 12–121 provides the trial court with discretion to award fees to the prevailing party, there is a statutory basis and the question then becomes whether the I.R.C.P. 54(e)(1) limitation restricting the award to those cases which are "defended frivolously, unreasonably, or without foundation" is applicable. We hold that the limitation does not apply where, as here, the award of attorney fees is under the Private Attorney General Doctrine.

*Id.* (emphasis added).

 HWRO urges this Court to overrule *Hellar* to the extent it holds that the private attorney general doctrine draws its viability

---

is: "The strength or societal importance of the public policy *vindicated* by the litigation." *See Serrano v. Priest*, 20 Cal.3d 25, 141 Cal.Rptr. 315, 325, 569 P.2d 1303, 1314 (1977) (emphasis added); *County of Ada v. Red Steer Drive Ins of Nevada, Inc.*, 101 Idaho 94, 100, 609 P.2d 161, 167 (1980) (emphasis added).

from I.C. § 12–121 in favor of finding that the court may award fees pursuant to its equitable powers without a determination of a "prevailing party." *Hellar* has consistently been interpreted as standing for the proposition that attorney fees may only be awarded when provided for by contract or by statute. *In re SRBA Case No. 39576,* 128 Idaho at 256, 912 P.2d at 624; *Idaho Dept. of Law Enforcement v. Kluss,* 125 Idaho 682, 684, 873 P.2d 1336, 1338 (1994); *Valentine v. Perry,* 118 Idaho 653, 655, 798 P.2d 935, 937 (1990); *Shurtliff v. Northwest Pools, Inc.,* 120 Idaho 263, 268, 815 P.2d 461, 466 (Ct. App.1991); *Burns v. County of Boundary,* 120 Idaho 623, 625, 818 P.2d 327, 329, *aff'd,* 120 Idaho 614, 818 P.2d 318 (1991). This Court declines to overrule the holding in *Hellar* that links an award of attorney fees pursuant to the private attorney general doctrine to a statutory or contractual basis. The district court's determination that it had inherent equitable powers to make such an award was in error.

The private attorney general doctrine arises from the authority in I.C. § 12–121 for a court to award attorney fees to a prevailing party. Consequently, the first prong of the *Hellar* test requires the assessment contemplated by I.C. § 12–121 and I.R.C.P. 54 into whether a party prevailed in vindicating a public policy of societal importance.

### 2. HWRO Did Not Vindicate Any Substantive Public Right.

HWRO argues that even if amendments enacted by the legislature varied with the position it advanced in Basin–Wide Issue No. 2, the fact remains that HWRO secured precisely what it had sought in requesting designation—an order which defined the role of the Director and governed the manner of IDWR's participation in the SRBA. The State responded that designation of a basin-wide issue is a preliminary issue which does not merit an award.

In *Idaho Conservation League, Inc. v. Idaho,* 128 Idaho 155, 911 P.2d 748 (1995), the SRBA court had granted intervention by various conservation groups who argued that the public trust doctrine required the court to consider the public trust as an element of a

water right. The Court held that the SRBA court correctly concluded that this was not an element of a water right. The Court held that the repeal of I.C. §§ 42–1416 and 42–1316A effectively eliminated the conservation groups' pre-repeal grounds for intervention. The Court then held that the conservation groups were not entitled to an award of attorney fees under the private attorney general doctrine. The Court determined that the conservation groups had failed to show that a public interest was involved. Furthermore, the Court stated that "any award of fees in this case, dealing solely with the issue of the propriety of intervention, would be premature because no alleged public right as yet has been vindicated." 128 Idaho at 158, 911 P.2d at 751.

In *Idaho Schools for Equal Educational Opportunity v. Idaho State Board of Education,* 128 Idaho 276, 912 P.2d 644 (1996), the plaintiffs brought a declaratory action seeking to establish that the funding of public schools did not provide for the constitutionally required "thorough" education. The Court first determined that the plaintiffs' complaint was not moot and the trial court abused its discretion in denying a motion to amend the complaint as moot. The Court also determined that ISEEO was not entitled to attorney fees under the private attorney general doctrine, saying that the *Hellar* three-pronged test "indicate[s] that there must be some resolution of the substantive issues before a decision on attorney fees can be reached." *Id.* at 285, 912 P.2d at 653.

These cases indicate that when an award is requested pursuant to the private attorney general doctrine there must be some substantive determination. No substantive right was vindicated by HWRO in Basin–Wide No. 2. *See Idaho Conservation League,* 128 Idaho at 158, 911 P.2d at 751. HWRO obtained a ruling on a procedural mechanism for assessing the role of the IDWR but did not "vindicate" any substantive public interest in this respect. The legislature ultimately resolved the role of the IDWR in the SRBA contrary to the position advocated by HWRO.

### 3. HWRO's Participation Involved Protection of Private Pecuniary Interests, Not Vindication of a Public Interest.

Designation of a basin-wide issue does not involve a substantive determination or vindicate a public right. Rather, HWRO's participation in designating Basin-Wide Issue No. 2 was aimed at protecting private pecuniary interests.

■ In *Hellar*, the Court adopted "the Private Attorney General Doctrine standards as articulated in *Serrano v. Priest.*" 106 Idaho at 577, 682 P.2d at 530. In *Serrano v. Priest*, 20 Cal.3d 25, 141 Cal.Rptr. 315, 569 P.2d 1303 (1977), the California Supreme Court determined that the private attorney general doctrine is limited to cases brought by "public interest litigants" represented by "private attorney's acting pro bono publico or members of 'public interest' law firms." *Id.*, 141 Cal.Rptr. at 324–25, 569 P.2d at 1313–14. Thus, if the plaintiff is protecting its own economic interests, it cannot claim that it is a public interest litigant. It is not enough that the action results in benefits to the public; it must be pursued with the purpose of benefiting the public. *Schwartz v. City of Rosemead*, 155 Cal.App.3d 547, 202 Cal.Rptr. 400, 408–09 (2 Dist.1984). This principle has been recognized in several Idaho decisions including *V–1 Oil Co. v. Idaho Petroleum Clean Water Trust Fund*, 128 Idaho 890, 920 P.2d 909 (1996) *cert. denied*, —— U.S. ——, 117 S.Ct. 514, 136 L.Ed.2d 403 (1996); *County of Ada v. Red Steer Drive–Ins of Nevada, Inc.*, 101 Idaho 94, 609 P.2d 161 (1980).

■ The standard in *Serrano* for determining whether a litigant was a public interest litigant was explained as whether "the necessary costs of securing this result transcend the individual plaintiff's pecuniary interest to an extent requiring subsidization." 141 Cal.Rptr. at 325, 569 P.2d at 1314. In this case, the combined costs to the claimants represented by HWRO to secure designation of Basin–Wide Issue No. 2 was $10, 969.05, as compared to the combined interest in protecting their water rights. HWRO was formed not to protect public interests but "[a]t all times it has been the purpose of HWRO to fund the filing of the objections and to preserve the legal rights of [the] owners." [5] In addition, the role of the Director and the IDWR, like many of the issues in the developing SRBA proceedings, would have inevitably been addressed.

## V.

## CONCLUSION

An award of attorney fees against the IDWR pursuant to the private attorney general doctrine was improper. I.C. § 12–117 provides the exclusive basis of an award of attorney fees against a state agency. HWRO has not shown the IDWR acted without a reasonable basis in fact or law. An award of attorney fees against the State of Idaho as an interested party was improper because: (1) HWRO failed to prevail on a substantive issue in the outcome of Basin–Wide Issue No. 2, and (2) HWRO's interest in pursuing designation was to protect private pecuniary interests, not to vindicate public interests. The district court's award of attorney fees to HWRO pursuant to the private attorney general doctrine is reversed. Costs on appeal are awarded to the State of Idaho. No attorney fees are awarded on appeal.

TROUT, C.J., and JOHNSON, McDEVITT * and SILAK, JJ., concur.

---

5. Although the private interests versus public interest involved in this case are somewhat analogous to the mixed interests involved in both *Taggart v. Highway Board for North Latah County Highway District*, 115 Idaho 816, 771 P.2d 37 (1988) (award of attorney fees proper following declaratory judgment that road was public and, therefore, available for plaintiffs use) and *Fox v. Board of County Commissioners*, 121 Idaho 686, 827 P.2d 699 *aff'd in relevant part*, 121 Idaho 684, 827 P.2d 697 (1992) (award pursuant to I.C.

§ 12–121 proper for plaintiff's successful challenge to Commission's renewal of beer licenses to taverns located in a portion of a county zoned agricultural), those cases are distinguishable. The plaintiffs receiving an award of attorney fees in those cases were successful in obtaining substantive relief which benefitted the public. Here, HWRO was not successful in obtaining the result it advocated in Basin–Wide Issue No. 2.

* Justice McDevitt participated in this decision prior to his resignation.

947 P.2d 400

In re SRBA, Case Nos. 39576, 91–00010 ex rel. Partial Forfeiture Re Basin–Wide Issue 10, Entered 4–26–96.

The STATE of Idaho, United States of America, Idaho Ground Water Appropriators, Inc., Chemical Lime Company of Arizona and North Snake Ground Water District, Appellants,

v.

HAGERMAN WATER RIGHT OWNERS, INC., Bogus Basin Recreational Association, Inc., Lake Reservoir Co., Newfoundland Partners, Payette River Water Users Association, Inc., Sinclair Oil Corporation, d/b/a Sun Valley Co., Thompson Creek Mining Co. and Thousand Springs Ranch, Respondents,

and

Nampa and Meridian Irrigation District, Allen Noble Farms, Inc., Allen Noble Farm Development Corporation, Rim View Trout Company, Clear Lakes Trout Company, Inc., Rainbow Trout Farm, C.H. Nicholson, Sailor Creek Water Company, Patrick G. Morris, Hulet Farm Management Company and Grindstone Butte Mutual Canal Company, Respondents–Intervenors.

No. 23214.

Supreme Court of Idaho, Boise, February 1997 Term.

Sept. 10, 1997.

Alan G. Lance, Attorney General; Cheri C. Copsey, Deputy Attorney General (argued), Boise, for appellant State of Idaho.

Betty H. Richardson, U.S. Attorney, Boise; William B. Lazarus (argued), Department of Justice, Washington, D.C., for appellant United States of America.

Givens, Pursley & Huntley, Boise, for appellants Idaho Ground Water Appropriators, Inc., and Chemical Lime Company of Arizona. Jeffrey C. Fereday argued.

Beeman & Hofstetter, P.C., Boise, for appellant North Snake Ground Water District. Dana L. Hofstetter argued.

Hepworth, Lezamiz & Hohnhorst, Twin Falls, for respondent Hagerman Water Right Owners, Inc. John C. Hohnhorst argued.

Elam, Burke, P.A., Boise, for respondents Bogus Basin Recreational Assoc., et al. Jeffery C. Ventrella argued.

Ringert Clark, Chtd., Boise, for Intervenors Nampa and Meridian Irrigation District, et al. Daniel V. Steenson argued.

SCHROEDER, Justice.

## I.

### FACTS AND PRIOR PROCEEDINGS

This case arises from the general adjudication of water rights in the Snake River water basin, commenced in 1987 pursuant to the Idaho Legislature's enactment of legislation in 1985 and 1986 requiring the Director ("Director") of the Idaho Department of Water Resources ("IDWR") to initiate a judicial proceeding to accomplish the adjudication within the terms of the McCarran Amendment. 43 U.S.C. § 666. On June 17, 1987, the Director filed a petition in the district court on behalf of the State, naming the United States and other water users of the

Snake River water basin as defendants and seeking an order from the court commencing a general stream adjudication. The Snake River Basin Adjudication ("SRBA") was commenced by order dated November 19, 1987. *In re Snake River Basin Water System*, 115 Idaho 1, 764 P.2d 78 (1988), *cert. denied*, 490 U.S. 1005, 109 S.Ct. 1639, 104 L.Ed.2d 155 (1989).

In the course of conducting the SRBA, specialized rules of procedure have been developed. *See* SRBA Administrative Order 1, amended 9/30/96 ("SRBA AO1"). These rules of procedure allow "[a]ny party to the adjudication [to] file a *Motion to Designate Basin–Wide Issue* if that party believes an issue materially affects a large number of parties to the adjudication." SRBA AO1, 17.a.(1).

The Hagerman Water Rights Owners, Inc. ("HWRO") filed a motion to designate Basin Wide Issue Number 10 ("BW10") for a determination of whether Idaho's forfeiture statute contemplates partial forfeiture of a water right for non-use. On January 20, 1996, the district court designated BW10 as follows: **Are water rights in Idaho subject to partial forfeiture for nonuse?**

On April 26, 1996, the district court issued a decision holding, as a matter of law, that water rights in Idaho are not subject to partial forfeiture for non-use. The SRBA court determined that the issue is one of first impression to be resolved by construing Idaho's forfeiture statute, I.C. § 42–222(2). That section provides in relevant part:

> *All* rights to the use of water acquired under this chapter or otherwise shall be lost and forfeited by a failure for the term of five (5) years to apply it to the beneficial use for which it was appropriated....

I.C. § 42–222(2) (1996) (emphasis added).

The district court focused on the word "all" in this section and reasoned that the plain and ordinary meaning of this provision is

that "partial forfeiture is not provided for in this statute." The State of Idaho, the Chemical Lime Company of Arizona and Idaho Ground Water Appropriators, Inc., and North Snake Ground Water District, together with the United States ("appellants") filed a motion for reconsideration, or in the alternative, permission to take an interlocutory appeal pursuant to I.R.C.P. 11(e). HWRO, together with the other respondents, opposed the motion for reconsideration. The district court denied the motion for reconsideration and granted the motion for interlocutory appeal. This Court granted interlocutory appeal on August 5, 1996.

In addition to the primary issue on appeal, HWRO cross-appeals for an award of costs and attorney fees pursuant to I.C. § 12–121 and the private attorney general doctrine.

## II.

## THE ISSUE OF WHETHER I.C. § 42–222(2) PERMITS PARTIAL FORFEITURE OF WATER RIGHTS HAS NOT BEEN RAISED PREVIOUSLY AS AN ISSUE ON APPEAL TO THIS COURT.

The appellants maintain that case law establishes this Court's recognition of statutory partial forfeiture. However, the question of whether part of a water right may be forfeited pursuant to I.C. § 42–222(2) has not been raised directly as the issue on appeal to this Court, although the subject has been discussed by this Court in determining the issues that have been raised. The parties cite to several of these cases which are taken up below.

■ In *Albrethsen v. Wood River Land Co.*, 40 Idaho 49, 231 P. 418 (1924), Albrethsen brought an action to have a portion of the respondent Wood River Land Company's water right declared forfeited.[1] The respon-

---

1. The statute in effect at the time *Albrethsen* was decided used the term "abandonment" not forfeiture. That statute provided:

 All rights to the use of water acquired under this chapter or otherwise shall be lost and abandoned by a failure for the term of five years to apply it to the beneficial use for which

it was appropriated, and when any right to the use of water shall be lost through nonuse or abandonment such rights to such water shall revert to the state and be again subject to appropriation under this chapter....

*Albrethsen*, 40 Idaho at 59, 231 P. at 421 (quoting C.S. § 5582 (1919)).

dent, Wood River, was the predecessor in interest to Riley who was decreed 5,595 inches of water out of the Big Wood River, with a priority date of March 24, 1883, for use upon lands described in a decree entered in *Frost et al. v. Alturas Water Co.* (December 13, 1909). Albrethsen claimed that the evidence established that some 2,100 inches of the water right were not put to beneficial use between 1910 and 1914 and were allowed to flow back into the Wood River. Albrethsen and other farmers owning land in the Wood River Valley claimed that 3,850 inches of Wood River's water right were subject to reapplication by the watermaster. Albrethsen presented witnesses and evidence that Wood River's canal could not carry in excess of 3,850 inches. On rehearing, the Court concluded:

> We are of opinion that this statute intends that a right to the use of water, although based upon a decree of a court, may be lost by abandonment, unless it thereafter be beneficially used, and that in any action to obtain a decree and to determine the question of abandonment or forfeiture evidence is admissible which shows or tends to show that after the water had been decreed it had not been put to a beneficial use, but had been abandoned for the statutory period, after the entry of such decree.

> One of the most conclusive methods of showing that an amount of water decreed to a particular system has not been beneficially used is to show that the canal or other diverting works through which the appropriation must be diverted ... does not have the required carrying capacity to divert and distribute the full amount of the

appropriation and carry the same to the point of intended use.

40 Idaho at 59–60, 231 P. at 421–22.

The issue before the Court in *Albrethsen* was limited to "the single assignment that the evidence is insufficient to sustain the findings of fact and conclusions of law and judgment entered thereon." 40 Idaho at 52, 231 P. at 419. *Albrethsen* involved resolution of the factual inquiry of whether the canal in question could have ever delivered the quantity of water decreed, not whether the forfeiture statute provided for partial forfeiture. Nonetheless, the result was that a decreed water right was reduced by the amount of water that had not been applied to a beneficial use. Partial forfeiture, as a remedy, was assumed.

In *Graham v. Leek*, 65 Idaho 279, 144 P.2d 475 (1943), the appellant/defendant owned 160 acres, referred to as the Lenman Tract. Appellant was decreed 3.2 cfs of water from Three Mile Creek in the case of *Frost et al. v. Alturas Water Co.* (December 13, 1909) with a priority date of April 1, 1907. Respondent/plaintiff alleged that he began to divert and apply this water by adverse possession in March of 1916. It was respondent's theory that the appellant had abandoned the use of the water. The district court held for the respondent and, with respect to abandonment, found that the Lenman Tract was dry farmed, that no attempt had ever been made to use any part of the water with one exception, and that use of the water was abandoned upon the Lenman Tract. While acknowledging that there was evidence in the record to support the findings that the Lenman Tract had never been irrigated, the appellant nonetheless claimed error. In this case, the Court addressed only whether the findings were supported by com-

---

The Legislature repealed a later version of this statute which also described loss of a water right in terms of "abandonment" and reenacted the statute using "forfeiture" language. Act of May 26, 1969, ch. 303, § 2, 1969 Idaho Sess. Laws 906.

In the past, courts used the terms abandonment and forfeiture interchangeably. However, the two doctrines are separate and distinct. *Gilbert v. Smith*, 97 Idaho 735, 738, 552 P.2d 1220, 1223 (1976). Abandonment is a common law

